# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF VIRGINIA

## Alexandria Division

| | | |
|---|---|---|
| **Alimamy Barrie,** | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:22cv203 (RDA/IDD) |
| | ) | |
| **United States of America,** | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION

Alimamy Barrie ("Petitioner" or Barrie), a former federal inmate proceeding *pro se*, has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241, challenging his 2014 convictions in the U.S. District Court for the District of Maryland for two counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A.[1] *United States v. Alimamy Barrie*, No. 8:14cr6 (D. Md. Dec. 23, 2014), (Dkt. No. 114).[2] The district court sentenced him to a total of 112 months and 1 day of imprisonment. (*Id.* at 2). His § 2241 petition asserts error in his indictment, at trial, on direct appeal, and in his post-conviction proceedings. [Dkt. No. 1 at 2]. Petitioner challenged his conviction by filing a § 2255 petition in 2016, which was denied on the merits. *United States v. Barrie*, Case No. 8:16cv03198, 2017 WL 2462029, (D. Md. June 7, 2017), *appeal dismissed*, 704 F. App'x 251 (4th Cir. 2017). A subsequent § 2255 was dismissed as successive. *Barrie v. United States*, Civ. No. PWG-19-1095, 2019 WL 4017202 (D. Md. Apr. 23, 2019). The Court stayed the proceedings in this matter pending the

---

[1] The Federal Bureau of Prison's website ("BOP") indicates that Barrie was released from custody on November 21, 2022. https://www.bop.gov/inmateloc/. The Respondent acknowledges that Barrie is currently serving a three-year term of supervised release [Dkt. No. 14 at 3, n. 1], and that his "petition is not moot." *Williams v. Wilson*, 747 F. App'x 170, 171 n.* (4th Cir. 2019) (per curiam).

[2] Petitioner was detained at FCI-Petersburg when he filed his § 2241 and is presently in the Bureau of Prison's Residential Reentry Management field office in Baltimore, Maryland. *See* Inmate Locator, BOP, https://www.bop.gov/inmateloc / (last visited July __, 2023). *See Jones v. Zych*, 812 F. App'x 115, 117 n.3 (4th Cir. 2020) (per curiam) (transfer to a facility outside the district where the petitioner was detained when he filed his petition does not "deprive the district court of jurisdiction").

Supreme Court's decision in *Jones v. Hendrix*, 599 U.S. —, 2023 WL 4110233 (U.S. June 22, 2023). Following decision in *Jones v. Hendrix*, the Respondent filed a motion to dismiss [Dkt. No. 14], with a brief in support. Petitioner received the notice required by Local Rule 7(K) and *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) [Dkt. No. 14 at 11-12], but he has not filed a response. Accordingly, this matter is ripe for disposition. For the reasons stated below, Respondent's motion to dismiss is granted, and the underlying petition dismissed.

## I. Procedural History

In 2014, a jury found Barrie guilty of two counts of wire fraud, in violation of 18 U.S.C. § 1343, and one count of aggravated identity theft, in violation of 18 U.S.C. § 1028A. *United States v. Barrie*, No. 8:14cr6 (D. Md. Dec. 23, 2014), Dkt. No. 114. The Maryland federal district court sentenced Barrie to a total of 112 months and 1 day of imprisonment and the Fourth Circuit affirmed his convictions and sentence on direct appeal. *United States v. Barrie*, 629 F. App'x 541, 544 (4th Cir. 2015) (per curiam). In 2016, Barrie filed a motion to vacate his convictions and sentence under § 2255, arguing that he received ineffective assistance of counsel at trial, at sentencing, and on direct appeal. *Barrie*, No. 8:14cr6, Dkt. No. 139. The sentencing court denied his motion on the merits. *Barrie*, 2017 WL 2462029, at *3–5. The Fourth Circuit denied a certificate of appealability and dismissed his appeal. *Barrie*, 704 F. App'x at 252. In 2019, Barrie filed a petition alleging ineffective assistance of appellate counsel. *Barrie*, No. 8:14-cr-6, Dkt No. 178. The sentencing court construed the petition as a successive motion under § 2255. *Barrie*, 2019 WL 4017202, at *1. Because Barrie had not received authorization from the Fourth Circuit to file a successive § 2255 motion, the sentencing court dismissed the petition for lack of jurisdiction. *Id.* at *1–2.

In February 2022, Barrie filed the instant petition for a writ of habeas corpus under § 2241, in which he raised four grounds: 1) that he was entitled to retroactive application of three

amendments to the advisory sentencing guidelines; 2) the government submitted perjured testimony to the grand jury; 3) the government introduced at trial evidence of a confession he made that was not credible; 4) and his counsel on his initial § 2255 motion was ineffective. [Dkt. No. 1 at 6–8].

## II. Analysis

Barrie cannot proceed under § 2241 on asserted errors in the grand-jury proceedings, at trial, at sentencing, and in his initial § 2255 proceedings because he cannot satisfy the saving clause, § 2255(e). After federal inmates have exhausted their right to a direct appeal, they may seek relief on collateral review under § 2255, which imposes a number of restrictions. For example, a petitioner must file a motion within one year of his conviction becoming final, with limited exceptions, § 2255(f); successive motions under § 2255 are limited to newly discovered evidence that shows by clear and convincing evidence that the defendant is innocent, § 2255(h)(1), or new, retroactive constitutional rules announced by the Supreme Court, § 2255(h)(2); and any appeal cannot proceed without a certificate of appealability, 28 U.S.C. § 2253(c). Section 2255 also precludes a federal inmate from seeking habeas relief under § 2241 unless he satisfies the saving clause in § 2255(e), which provides that

> [a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

Prior to *Jones v. Hendrix*, the Fourth Circuit applied the following test to decide if § 2255 "is inadequate or ineffective to test the legality":

> [Section] 2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct

3

> of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

*In re Jones*, 226 F.3d 328, 333–34 (4th Cir. 2000), *abrogated by Jones v. Hendrix*, 2023 WL 4110233, at *7. The Fourth Circuit later extended *In re Jones* to permit sentencing challenges under § 2241.

> [Section] 2255 is inadequate and ineffective to test the legality of a sentence when: (1) at the time of sentencing, settled law of this circuit or the Supreme Court established the legality of the sentence; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018) (citations omitted).

The Supreme Court's recent decision in *Jones v. Hendrix* rejected the foundation of the Fourth Circuit's reasoning in interpreting the saving clause and abrogated the standards in *In re Jones* and *Wheeler*. But the defendant in *Jones v. Hendrix* maintained that he could challenge his conviction under § 2241 by invoking an intervening Supreme Court decision,. *See Jones*, 2023 WL 4110233, at *4. Notably, the Fourth Circuit had recently concluded that a defendant could bring a claim under *Rehaif v. United States*, 139 S. Ct. 2191 (2019), interpreting the elements of his offense, under § 2241 because it satisfied the saving clause. *In re McNeill*, 68 F.4th 195, 204–05 (4th Cir. 2023) (relying on *In re Jones*).

In interpreting the saving clause, however, *Jones v. Hendrix* explained that § 2255(e) must be read together with, and does not create an end around, the specific limitations in § 2255. *See* 2023 WL 4110233, at *7–8. Thus, Barrie cannot rely on § 2255(e) to escape the limitations on successive § 2255 motions, such as the requirement in § 2255(h)(2) that a petitioner rely on "a new rule of constitutional law." *Id.* at *7. Applying that principle to the circumstances in *Jones v.*

4

*Hendrix*, the Supreme Court concluded that, because *Rehaif* was a decision of statutory, not constitutional, law, the defendant could not satisfy § 2255(h), and § 2255(e) did not provide a means to evade that limitation. *Id.* at *9. In other words, "[b]asic principles of statutory interpretation require that we construe the saving clause and § 2255(h) in harmony, not set them at cross-purposes." *Id.* at *8.

In reaching this conclusion, the Supreme Court examined the history of the saving clause. Congress first enacted § 2255 to address the "serious administrative problems" created by federal inmates litigating habeas petitions in the districts where they were incarcerated, rather than where they had been prosecuted. *Id.* at *6 (quoting *United States v. Hayman*, 342 U.S. 205, 212 (1952)). Namely, "a federal prisoner's district of confinement was often far removed from the records of the sentencing court and other sources of needed evidence," and those "difficulties were 'greatly aggravated' by the concentration of federal prisoners in a handful of judicial districts, which forced those District Courts to process 'an inordinate number of habeas corpus actions.'" *Id.* (quoting *Hayman*, 342 U.S. at 213–14). "Section 2255 solved these problems by rerouting federal prisoners' collateral attacks on their sentences to the courts that had sentenced them." *Id.*

The Supreme Court observed that when Congress enacted § 2255, the saving clause "cover[ed] unusual circumstances in which it is impossible or impracticable for a prisoner to seek relief from the sentencing court. The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously 'inadequate or ineffective' for any purpose." *Id.* Further, "[t]he saving clause might also apply when 'it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons.'" *Id.* (quoting *Hayman*, 342 U.S. at 215 n.23). Additionally, "§ 2255(e) does not displace § 2241 when a prisoner challenges 'the legality of his detention'

5

without attacking the validity of his sentence," such as when a prisoner challenges the calculation of good-time credits or administrative detention. *Id*.

The saving clause, however, does not provide an avenue for an inmate to evade § 2255's limitations on challenging the validity of an inmate's conviction or sentence. The Supreme Court confirmed that "[a]fter AEDPA,[3] as before it, the saving clause preserves recourse to § 2241 in cases where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *Id.* at *8. But "[b]ecause AEDPA did not alter the text of § 2255(e), there is little reason to think that it altered the pre-existing division of labor between §§ 2241 and 2255." *Id.* In short, *Jones v. Hendrix* abrogates the standards that the Fourth Circuit adopted in *In re Jones* and *Wheeler*.

Under *Jones v. Hendrix*, the narrow circumstances covered by § 2255(e) do not provide a means for defeating the limits that § 2255 imposes on habeas relief for federal inmates. "Any other reading would make AEDPA curiously self-defeating" and "[i]t would mean that, by expressly excluding second or successive § 2255 motions based on nonconstitutional legal developments, Congress accomplished nothing in terms of actually limiting such claims." *Id.* "Instead," Congress "would have merely rerouted" these claims "from one remedial vehicle and venue to another," thereby "resurrecting the very problems § 2255 was supposed to put to rest." *Id.* (citation and internal quotation marks omitted). "Stranger still, Congress would have provided 'a superior remedy' for the very nonconstitutional claims it chose not to include in § 2255(h)." *Id*. Specifically, "[a]fter escaping § 2255 through the saving clause, nonconstitutional claims would no longer be subject to AEDPA's other express procedural restrictions: the 1-year limitations period, see § 2255(f), and the requirement that a prisoner obtain a certificate of appealability before appealing

---

[3] AEDPA is the acronym for the Antiterrorism and Effective Death Penalty Act of 1996.

an adverse decision in the District Court, see § 2253(c)(1)." *Id.* Such results would make no sense because § 2255 "owes its existence to Congress' pragmatic judgment that the sentencing court, not the District Court for the district of confinement, is the best venue for a federal prisoner's collateral attack on his sentence." *Id.*

Here, Barrie's § 2241 petition seeks vacatur of his convictions and sentence on the grounds that he was entitled to retroactive application of three amendments to the advisory sentencing guidelines; the government submitted perjured testimony to the grand jury; the government introduced at trial evidence of a confession he made that was not credible; and his § 2255 counsel was ineffective. *Jones v. Hendrix* limits application of § 2255(h) to "the two limited conditions in which Congress has permitted federal prisoners to bring second or successive collateral attacks on their sentences." 2023 WL 4110233, at *9. The two instances set out in § 2255(h) are newly discovered evidence that establish by clear and convincing evidence that no reasonable factfinder would have found the petitioner guilty of the offense; and a previously unavailable new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court. Barrie has moved for relief under § 2255 twice before, and none of the claims in his petition satisfies § 2255(h). "The inability of a prisoner with a statutory claim to satisfy those conditions does not mean that he can bring his claim in a habeas petition under the saving clause. It means that he cannot bring it at all. Congress has chosen finality over error correction in his case." *Jones v. Hendrix*, 2023 WL 4110233, at *9.

That "limitation on second or successive motions" does not make § 2255 "inadequate or ineffective" such that the defendant may proceed under § 2241. *Id.* at *4. The petitioner asserts that § 2255 is inadequate or ineffective to test the legality of his detention because his § 2255 counsel and appellate counsel were ineffective. [Dkt. No. 1 at 5]. But § 2255(h) does not provide

7

an exception to the limits on second or successive motions based on ineffective assistance of counsel in a previous round of litigation. And, *Jones v. Hendrix* makes clear that a petitioner may not use § 2255(e) to "circumvent" the "restrictions on second or successive § 2255 motions by filing a § 2241 petition." 2023 WL 4110233, at *5. As other courts recognized before *Jones v. Hendrix*, "[c]laims alleging ineffective assistance of counsel . . . are regularly made and resolved under § 2255, so the remedy by motion cannot be called inadequate or ineffective for purposes of the Saving[] Clause." *Hammoud v. Ma'at*, 49 F.4th 874, 881 (5th Cir. 2022) (en banc) (quoting *Lee v. Watson*, 964 F.3d 663, 665 (7th Cir. 2020)). Indeed, Barrie already challenged his appellate counsel's performance in his initial § 2255 motion, which the sentencing court denied on the merits, *see Barrie*, 2017 WL 2462029, at *3–4, and in his successive § 2255 motion, which the sentencing court dismissed for failure to obtain authorization from the court of appeals, *see Barrie*, 2019 WL 4017202, at *1. Even before *Jones v. Hendrix*, the Fourth Circuit confirmed that "§ 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion." *Farkas v. Butner*, 972 F.3d 548, 555 (4th Cir. 2020) (quoting *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir. 1997) (en banc)). Finally, Barrie has not identified any "unusual circumstances" that "make it impossible or impracticable to seek relief in the sentencing court." *Jones v. Hendrix*, 2023 WL 4110233, at *8. Without more, Barrie has not established that § 2255 is "inadequate or ineffective to test the legality of his detention," § 2255(e), and he cannot proceed under § 2241. The Fourth Circuit has held that "the saving[] clause requirements are jurisdictional," *Wheeler*, 886 F.3d at 426, and *Jones v. Hendrix* did not disturb that ruling.

8

### III. Conclusion

For the foregoing reasons, Respondent's motion to dismiss [Dkt. No. 14] is granted and this petition will be dismissed with prejudice. An appropriate Order and judgment shall issue.

Entered this 8th day of August 2023.

Alexandria, Virginia

/s/
Rossie D. Alston, Jr.
United States District Judge